IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ROBERT B. KAPITAN, | ) | CASE NO. 5:17CV2638 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, International Union, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court based on the parties' responses to the Court's Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. For the reasons explained below, the Court lacks subject matter jurisdiction in this case. Therefore, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

I.

Plaintiff Robert B. Kapitan filed his Complaint against Defendant United Government Security Officers of America ("UGSOA"), an unincorporated union, alleging a "breach of contract action that arises out of an Employment Agreement." Doc. 1, p. 1, ¶1. He asserted subject matter jurisdiction under "28 U.S.C. § 1331 because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties." Doc. 1, p. 2, ¶5.[1] Kapitan explained that he is a citizen of Ohio and that UGSOA's principal offices are in Massachusetts. Doc. 1, pp. 1, ¶¶ 2-3.

---

[1] 28 U.S.C. § 1331 governs federal court jurisdiction based on a federal question. 28 U.S.C. § 1332 is the diversity statute.

Thereafter, the Court issued an Order directing both parties to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. Doc. 18. The Court observed that an unincorporated labor organization is deemed to be a citizen of every state in which one or more of its members resides; that the parties agree that UGSOA's members work in at least five cities in Ohio; and that, therefore, it is highly likely that one or more of UGSOA's members resides in, and is a citizen of, Ohio. Doc. 18, p. 1 (citing *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc*., 382 U.S. 145 (1965) and *White v. Int'l Union, United Automobiles, Aerospace and Agric. Implement Worker of Am.*, 2016 WL 54718, *3 (E.D.Cal. Jan. 5, 2016)). In other words, the Court appeared to lack subject matter jurisdiction because the parties were not diverse. Kapitan filed a response in which he maintains that the Court has subject matter jurisdiction in this case based on diversity of citizenship (Doc. 19) and UGSOA filed a response in which it concedes that the Court does not have subject matter jurisdiction in this case based on diversity of citizenship (Doc. 20).

II.

The federal district courts are courts of limited jurisdiction. 28 U.S.C. § 1332 grants the court original jurisdiction over matters not arising under federal law only if (1) the amount-in-controversy exceeds $75,000, and (2) there is complete diversity between the parties, "i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schachet*, 524 U.S. 371, 388 (1998).

In support of diversity jurisdiction, Kapitan asserts, "there is no evidence that any UGSOA local member resides in Ohio." Doc. 1, p. 1. But "[t]he initial burden of *proving* citizenship rests with the party invoking the court's jurisdiction." *Persinger v. Extendicare Health Services, Inc*., 539 F.Supp.2d 995, 997 (S.D.Ohio 2008) (citing *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968) (emphasis supplied)); s*ee also McNutt v. General Motors*

2

*Acceptance Corp. of Ind.*, 298 U.S. 178, 188-189 (1936) (when a court orders the party alleging jurisdiction to establish that jurisdiction exists, the part must justify its allegations by a preponderance of the evidence, not mere averment); 13E Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 3612 (3d ed. 2018). Here, Kapitan, the party invoking the Court's jurisdiction, has not proved citizenship; instead, he provides mere averments and relies on the absence of evidence. This is insufficient. *See id.* Moreover, UGSOA, in its response, provides an affidavit from its President stating that UGSOA records show that approximately 240 members reside in Ohio. Doc. 20-1, p. 1, ¶3. Thus, the evidence presented to the Court shows that UGSOA members reside in Ohio and that the parties, therefore, are not diverse. *See Bouligny*, 382 U.S. 145.

Kapitan next argues that "the citizenship of local [UGSOA] members do not matter since they are not substantial parties to the litigation." Doc. 19, p. 1. He states, "the entity with the most substantial connection to the action is the International Union, not the individual local union," and concludes that the "real party to the action is the International, not the local bodies." Doc. 19, p. 2 (citing *Navarro Savings Ass'n. v. Lee*, 446 U.S. 458 (1980)). Kapitan's argument is misplaced. In *Navarro*, the Supreme Court considered whether the citizenship of trustees suing in their own names should be determined by the citizenship of the individual trustees, or whether the court should also consider the citizenship of the trust's beneficiaries. Because the trustees were suing in their own name, the Court found that the citizenship of the trust's beneficiaries was not relevant for purposes of establishing diversity of citizenship. *Navarro*, 446 U.S. at 462. Here, UGSOA is not a trust and Kapitan is not suing individuals. He is suing an unincorporated union. Thus, the rule in *Bouligny* applies, not the rule in *Navarro*. *See, e.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 191, 195-196 (1990) (rejecting the notion that *Navarro* applied to limit the citizenship of a limited partnership: "We adhere to our oft-repeated rule that diversity

jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members'" and "each of its members," quoting *Bouligny*, 382 U.S. at 146).

III.

For the reasons explained above, the citizenship of the parties to this action is not diverse, and, therefore, this Court lacks subject matter jurisdiction. Accordingly, the case is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: June 7, 2018

*/s/ Kathleen B. Burke*
_____
Kathleen B. Burke
United States Magistrate Judge